UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEN'S FOODS INC.,
a Massachusetts Corporation,

04-12020 REK

Plaintiff,

v.

JAYS FOODS, INC., a Delaware
Corporation,

Defendant.

C.A. No.:

RECEIPT # 58773
AMOUNT $ 50
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
JURY TRIAL DEMANDED MCF ISSUED
BY DPTY. CLK.
DATE 9/20/04

## COMPLAINT

Plaintiff Ken's Foods Inc. ("Ken's Foods"), for its Complaint against Jays Foods, Inc. ("Jays Foods"), states as follows:

### Nature of this Action

1. This is an action seeking equitable and other relief against Jays Foods' infringing, misleading, unfair and deceptive conduct constituting trademark infringement, unfair competition, dilution and unfair and deceptive business practices in violation of federal trademark statutes and state statutory and common law arising out of Jays Foods' willful infringement of, and attempt to misappropriate, Ken's Foods' SWEET BABY RAY'S® trademark.

### Parties

2. Ken's Foods is a Massachusetts corporation with its headquarters and principal place of business in Marlborough, Massachusetts, doing business throughout the United States and internationally.

3. On information and belief, Jays Foods is a Delaware corporation with its principal place of business in Chicago, Illinois, doing business throughout the United States and internationally.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over the claims in Counts I and II of this Complaint pursuant to 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (trademark). Also, because the amount in controversy exceeds $75,000, and the action is between citizens of different states, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) (diversity). This Court has subject matter jurisdiction over Counts III and IV pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendant Jays Foods because, among other reasons, Jays Foods regularly conducts business in Massachusetts through the on-line advertisement and sale of its products to Massachusetts residents. On information and belief, Jays Foods sells or intends to sell the infringing goods to Massachusetts residents through the on-line store it operates on the Jays Foods web site.

6. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391 (b) and (c).

**Facts Common to All Claims**

7. Ken's Foods is a leading producer of retail grocery products, including salad dressings and sauces.

8. Sweet Baby Ray's Inc. ("SBR") was an Illinois company which sold barbecue sauce under the mark SWEET BABY RAY'S®. In 1997, Ken's Foods obtained the exclusive rights to manufacture, package, ship, and sell SWEET BABY RAY'S® barbecue sauce to SBR. Also in 1997, Ken's Foods obtained an exclusive license to manufacture, market, distribute, and sell SWEET BABY RAY'S® barbecue sauce in certain territories.

9. SBR owned a registration on the United States Principal Trademark Register for the distinctive trademark SWEET BABY RAY'S®. This mark was registered in 1995 and given Registration Number 1,888,733.

10. In January 2003, Ken's Foods purchased certain assets from SBR, including the SWEET BABY RAY'S® mark. Also in January 2003, SBR executed a Trademark Assignment confirming its assignment of the SWEET BABY RAY'S® mark to Ken's Foods. In February 2003, Ken's Foods filed the Trademark Assignment with the U.S. Patent and Trademark Office.

11. Registration of the SWEET BABY RAY'S® mark is valid and subsisting. Copies of the registrations are attached to this Complaint as Exhibit A. This mark has become incontestable pursuant to 15 U.S.C. § 1065. SWEET BABY RAY'S® sauce is available for sale throughout the United States.

### Jays Foods Wrongfully Uses the Infringing Mark "Sweet Baby Jays"

12. Defendant Jays Foods recently announced the launch of a new retail grocery product sold under the name "Sweet Baby Jays" (the "Infringing Mark"). Sweet Baby Jays chips are potato chips made from sweet potatoes which are marketed in various flavors, including "mesquite." According to Jay's Foods, they are now or soon will be sold in retail grocery stores throughout the Midwest. On information and belief, they will also be available for purchase throughout the United States, including Massachusetts, through Jays Foods' Internet web site. Jays Foods has not obtained the consent of Ken's Foods to use the Infringing Mark.

13. Jays Foods markets and sells its products to the same types of consumers to which Ken's Foods markets and sells. These include retail grocery stores and individual consumers.

14. Jays Foods, in marketing and selling its products and services, is engaged in the same channels of trade as Ken's Foods, including, for example, retail grocery stores.

15. On information and belief, Jays Foods, by its use and intended use of the Infringing Mark (as appearing in Exhibit B or otherwise) has or intends to reproduce, counterfeit, copy and/or colorably imitate the SWEET BABY RAY'S® trademark and apply such colorable imitations to food products. Such use is likely to cause confusion or to cause mistake or to deceive, and has or is likely to make customers believe that Jays Foods' products and services are Ken's Foods products and services or have been sponsored, approved or are somehow connected with Ken's Foods, with consequent harm to Ken's Foods and its customers.

## COUNT I
### Trademark Infringement Under 15 U.S.C. § 1114

16. Ken's Foods realleges and incorporates herein by reference the allegations of paragraphs 1 through 15.

17. The above-described acts of Jays Foods infringe Ken's Foods' registered mark and are in violation of federal trademark laws, including 15 U.S.C. § 1114.

18. On information and belief, Jays Foods' acts as alleged have been committed with full knowledge of Ken's Foods longstanding and prior rights in the SWEET BABY RAY'S® trademark. Jays Foods' infringement is therefore willful.

19. Ken's Foods has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Ken's Foods for the harm to its proprietary rights, established goodwill and business reputation. Jays Foods' acts have caused, and, unless this Court acts to enjoin Jays Foods, will cause great and irreparable harm to Ken's Foods and its property rights, goodwill and business reputation, and to customers of Ken's Foods.

## COUNT II
### Unfair Competition Under 15 U.S.C. § 1125(a)

20. Ken's Foods realleges and incorporates herein by reference the allegations of paragraphs 1 through 19.

21. Ken's Foods has established common law rights in the SWEET BABY RAY'S® mark as applied to the goods and services on and with which the SWEET BABY RAY'S® mark has been used.

22. Jays Foods' use of the Infringing Mark in commerce is likely to cause confusion, to cause mistake or to deceive as to the affiliation, connection or association of Jays Foods with Ken's Foods as to the origin, sponsorship or approval of Jays Foods' goods, services or commercial activities.

23. Ken's Foods has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Ken's Foods for the harm to its proprietary rights, established goodwill and business reputation. Jays Foods' acts have caused, and, unless this Court acts to enjoin Jays Foods, will cause great and irreparable harm to Ken's Foods and its property rights, goodwill and business reputation, and to customers of Ken's Foods.

## COUNT III
### Dilution Under Massachusetts Law

24. Ken's Foods realleges and incorporates herein by reference the allegations of paragraphs 1 through 23.

25. Jays Foods' use of the Infringing Mark is likely to cause injury to Ken's Foods' business reputation or dilution of the distinctive quality of the SWEET BABY RAY'S® mark.

26. Such acts of Jays Foods violate Massachusetts General Laws ch. 110B, § 12.

27. Ken's Foods has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Ken's Foods for the harm to its proprietary rights, established goodwill and business reputation. Jays Foods' acts have caused, and, unless this Court acts to enjoin Jays Foods, will cause great and irreparable harm to Ken's Foods and its property rights, goodwill and business reputation, and to customers of Ken's Foods.

## COUNT IV
### Unfair Competition Under the Massachusetts Consumer Protection Act
### Mass. Gen. L. ch. 93A. § § 2 and 11

28. Ken's Foods realleges and incorporates herein by reference the allegations of paragraphs 1 through 27.

29. Jays Foods' use of the Infringing Mark in trade or commerce is an unfair method of competition and constitutes an unfair or deceptive practice in the conduct of trade or commerce in violation of Mass. Gen. L. ch. 93A, §§ 2 and 11.

30. Jays Foods' conduct is a knowing and willful violation of Mass. Gen. L. ch. 93A, §§ 2 and 11. Jays Foods' wrongful conduct will mislead customers, harm customers and Ken's Foods, and is an attempt to misappropriate Ken's Foods' distinctive SWEET BABY RAY'S® trademark and the goodwill and business reputation built by Ken's Foods in the food products industry and with its customers.

31. Ken's Foods has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Ken's Foods for the harm to its proprietary rights, established goodwill and business reputation. Jays Foods' acts have caused, and, unless this Court acts to enjoin Jays Foods, will cause great and irreparable harm to Ken's Foods and its property rights, goodwill and business reputation, and to customers of Ken's Foods.

WHEREFORE, Ken's Foods demands that the Court grant Ken's Foods a temporary restraining order, preliminary and permanent injunctive relief, and a judgment against Defendant, including the following:

32.    That Defendant, its officers, agents, sales representatives, servants, employees, associates, successors, and assigns and all persons acting under its control, by, through, under, or

in active concert or in participation with it, be temporarily restrained and preliminarily and permanently enjoined from:

    a) using the Infringing Mark, any other mark confusingly similar to the Infringing Mark, and any other mark that would dilute the SWEET BABY RAY'S® mark;

    b) using any word, term, name, symbol, or device that is likely to cause mistake, deception or confusion or doing any acts or things likely to induce the belief on the part of the public or Ken's Foods' customers or potential customers that Defendant's goods or Defendant's business is in any way connected with Ken's Foods; and

    c) printing, publishing, promoting, lending, or distributing any advertisements, whether written, audio or visually portrayed which use the Infringing Mark or any confusingly similar mark.

33. That Defendant immediately deliver up for destruction all goods, advertising, literature and all other material bearing the Infringing Mark.

34. That Defendant pay Ken's Foods such damage as Ken's Foods has sustained as a result of Defendant's infringement of Ken's Foods' marks, that such damages be trebled, and that Defendant account for and pay over to Ken's Foods all gains, profits and advantages derived by Defendant from such infringement.

35. That Defendant make a full report to this Court of its compliance with the foregoing within thirty (30) days of judgment herein.

36. That Ken's Foods be awarded judgment in its favor including its damages, costs, disbursements and attorney fees incurred in bringing this action or otherwise caused by Defendant's infringement.

37. That Ken's Foods receive such other and further relief that is just and proper.

## Jury Trial Demand

Plaintiff demands a trial by jury on all issues properly so triable.

Respectfully submitted,
KEN'S FOODS INC.,
By its attorneys,

*/s/ Jeremy A. Younkin*

Michael Boudett (BBO No.558757)
Jeremy Younkin (BBO No. 654047)
FOLEY HOAG LLP
World Trade Center West
155 Seaport Blvd.
Boston, MA 02210-2600

Dated: September 17, 2004

# EXHIBIT A

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**    Reg. No. 1,888,733
                                                  Registered Apr. 11, 1995

## TRADEMARK
### PRINCIPAL REGISTER

## SWEET BABY RAY'S

SWEET BABY RAY'S INC. (ILLINOIS CORPORATION)
9999 WEST ROOSEVELT ROAD
WESTCHESTER, IL 60154

FOR: SAUCES FOR FLAVORING FOODS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 9-0-1982; IN COMMERCE 6-0-1986.

SER. NO. 74-527,131, FILED 5-9-1994.

M. E. BODSON, EXAMINING ATTORNEY

# UNITED STATES PATENT AND TRADEMARK OFFICE

JUNE 19, 2003

PTAS

FOLEY HOAG LLP
GWENDOLYN A. WILBER, ESQ.
1747 PENNSYLVANIA AVENUE NW
WASHINGTON, DC 20006

Under Secretary of Commerce For Intellectual Property and
Director of the United States Patent and Trademark Office
Washington, DC 20231
www.uspto.gov



*102364562A*

## UNITED STATES PATENT AND TRADEMARK OFFICE
## NOTICE OF RECORDATION OF ASSIGNMENT DOCUMENT

THE ENCLOSED DOCUMENT HAS BEEN RECORDED BY THE ASSIGNMENT DIVISION OF THE U.S. PATENT AND TRADEMARK OFFICE. A COMPLETE MICROFILM COPY IS AVAILABLE AT THE ASSIGNMENT SEARCH ROOM ON THE REEL AND FRAME NUMBER REFERENCED BELOW.

PLEASE REVIEW ALL INFORMATION CONTAINED ON THIS NOTICE. THE INFORMATION CONTAINED ON THIS RECORDATION NOTICE REFLECTS THE DATA PRESENT IN THE PATENT AND TRADEMARK ASSIGNMENT SYSTEM. IF YOU SHOULD FIND ANY ERRORS OR HAVE QUESTIONS CONCERNING THIS NOTICE, YOU MAY CONTACT THE EMPLOYEE WHOSE NAME APPEARS ON THIS NOTICE AT 703-308-9723. PLEASE SEND REQUEST FOR CORRECTION TO: U.S. PATENT AND TRADEMARK OFFICE, ASSIGNMENT DIVISION, BOX ASSIGNMENTS, CG-4, 1213 JEFFERSON DAVIS HWY, SUITE 320, WASHINGTON, D.C. 20231.

RECORDATION DATE: 02/11/2003         REEL/FRAME: 002670/0709
                                      NUMBER OF PAGES: 2

BRIEF:   ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

ASSIGNOR:
    SWEET BABY RAY'S, INC.            DOC DATE: 01/31/2003
                                      CITIZENSHIP: ILLINOIS
                                      ENTITY: CORPORATION

ASSIGNEE:
    KEN'S FOODS, INC.                 CITIZENSHIP: MASSACHUSETTS
    ONE D'ANGELO DRIVE                ENTITY: CORPORATION
    P.O. BOX 849
    MARLBOROUGH, MASSACHUSETTS 01752

APPLICATION NUMBER: 74527131          FILING DATE: 05/09/1994
REGISTRATION NUMBER: 1888733          ISSUE DATE: 04/11/1995

MARK: SWEET BABY RAY'S
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM

0:02670/0709 PAGE 2

APPLICATION NUMBER: 74527132         FILING DATE: 05/09/1994
REGISTRATION NUMBER: 1890063         ISSUE DATE: 04/18/1995

MARK: THE SAUCE IS THE BOSS!
DRAWING TYPE: WORDS, LETTERS, OR NUMBERS IN TYPED FORM



JEFFREY OLSEN, EXAMINER
ASSIGNMENT DIVISION
OFFICE OF PUBLIC RECORDS

# EXHIBIT B



